REQUESTED BY: Senator David Landis Nebraska State Legislature 812 State Capitol Lincoln, Nebraska 68509
Dear Senator Landis:
In your letter of September 23, 1983, you raise certain questions as to the breadth of the applicability of Neb.Rev.Stat. § 18-301.01 (1983 Supp.). You indicate that you are considering drafting clarifying legislation if after considering our opinion you feel such would be necessary or helpful.
We believe that your first question is generally answered by our recent Opinion No. 141 dated September 27, 1983, a copy of which is enclosed for your information. More specifically, however, you inquire whether or not a member of a City Library Commission whose business was about to enter into a contract with the city's Board of Public Works would be required to follow the statutory disclosure procedure or if he would be exempted from the procedure by virtue of the fact that he would not be required to individually take action on the contract or because the contract did not require the action of the `governmental body, department, or agency which he . . .' served.
We were of the opinion in Opinion No. 141 cited above that this statutory language required compliance whenever an officer was privately interested in any contract directly or indirectly between any entity of the city and himself in his private capacity.
Your specific question appears to concern the breadth of the exclusionary statutory language which reads `the prohibition in this section shall apply only when the officer knows or could reasonably be expected to know that his or her interest will be affected by his or her official action, or by the action of the governmental body, department, or agency which he or she serves.' We believe that since all city officers serve the city itself and since the city is clearly a `governmental body' that this language is inclusive enough to require compliance even where the department, agency, or commission on which the individual actually serves is not involved.
We base this opinion in part on the Legislature's choice of the words `which he or she serves,' as opposed to having chosen `on which he or she serves.'
You next inquire as to whether or not in our opinion volunteer fire fighters are `appointed officials' as that term is used in Neb.Rev.Stat. § 18-301.01 (1983 Supp.). There appears to be no question but that volunteer firemen are employees for certain purposes such as for workmen's compensation benefits. Neb.Rev.Stat. § 48-115 (Reissue 1978). We have examined statutory provisions found in Chapter 35, Article I, dealing with volunteer fire companies. The language there is silent as to their official status. Additionally, we are aware of no decision of the Nebraska Supreme Court on the question of whether or not volunteer fire fighters are officers of the cities they serve. Therefore, with respect to the question of whether or not volunteer firemen are in fact `officers' for these purposes, clarifying legislation would no doubt be most helpful.
Finally, you ask whether or not in our opinion the concept of `merger of offices' would be applicable to volunteer fire fighters. We are not entirely certain that we understand your question, however, it would appear to us that if a volunteer fire fighter were also an officer of the city that the provisions of this section would apply to that individual any time he was privately interested in a contract with the city whether that contract arose out of the volunteer fire fighters' function or any other.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General